FILED

2009 May-29  AM 10:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| AMERICAN SAFETY CASUALTY INSURANCE COMPANY, a corporation, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER: |
| DUCON TECHNOLOGIES, INC. CHEMICAL LIME CO. OF ALABAMA, INC., | ) ) ) ) | _____ |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

## JURISDICTION

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§2201-2202.Plaintiff seeks this Court's determination concerning the respective rights and obligations of the parties under certain insurance policies issued by plaintiff to Defendant Ducon Technologies, Inc.,  located in Farmingdale, New York.

2.     An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the subject insurance   policies is necessary and appropriate.

3.     This Court has original jurisdiction over this civil action under 28 U. S. C. §1332(a).

4.     Plaintiff American Safety is a corporation organized and existing under the laws of the State of Oklahoma with its principal place of business in Atlanta, Georgia,  and who was qualified and engaged in the business of writing policies of insurance at all times referred to herein.

5.     Defendant Ducon Technologies, Inc. (hereafter "Ducon") is a corporation organized

and existing under the laws of the state of Delaware, with its principal place of business in Farmingdale, New York.

6.      Defendant Chemical Lime Co. Of Alabama, Inc. (hereafter "Chemical Lime") is believed to be a corporation organized and existing under the laws of the state of Alabama, with its principal place of business in Montgomery, Alabama.

7.      Plaintiff and defendants are citizens of different states and this Court has original jurisdiction over this civil action based upon diversity of citizenship under 28 U.S.C. §1332(a).

8.      The amount in controversy in the Underlying Action exceeds the sum or value of $75,000, exclusive of interest and costs and as such this Court has jurisdiction based on the diverse citizenship of the parties and the amount in controversy being in excess of $75,000.00, exclusive of interests and costs of Court.  Jurisdiction is based upon 28 U.S.C. §1332 and brought pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201, *et seq.*

## **VENUE**

9.      The plaintiff hereby incorporates by reference all averments, allegations and facts found in paragraphs 1-4 as if fully set forth here.

10.      In this action, Plaintiff seeks a declaration of the parties' rights and liabilities with respect to insurance coverage for Ducon in a lawsuit styled *Chemical Lime Company of Alabama, Inc. v. Ducon Technologies, Inc.* pending in the Circuit Court of Shelby County, Alabama (the"Underlying Action"). A copy of the Complaint in the Underlying Action is annexed hereto as Exhibit "A."

11.      The Underlying Action involves allegations related to and seeks damages for the

repair and/or replacement of an exhaust stack and/or any component thereto and ductwork which are part of an air pollution control system which was allegedly designed, manufactured, sold and/or installed by Ducon.

     12.     Venue in this District is proper, pursuant to 28 U.S .C. § 1391(a)(2) as Chemical Lime does business in, has its principal office, domicile and residence in Shelby County, Alabama.

## THE UNDERLYING ACTION

     13.     It is alleged in the Underlying Action that Ducon warranted that it would "design, construct and install a Model VVO Venturi Scrubber, scrubber stack (including ductwork) and other related facilities using new materials of appropriate quality and workmanship, which were fit for the intended use, and were manufactured in conformity with all applicable federal, state and local laws."

14.     It is alleged in the Underlying Action that Ducon warranted the suitability of materials  it would use in the Project to be free from defects in materials and/or workmanship for a period of two years from acceptance of the equipment."

15.     It is alleged in the Underlying Action that Ducon agreed to indemnify Chemical Lime from any expenses, losses or damages suffered as a result of Ducon' s breach of this express warranty or any implied warranty.

16.     It is alleged in the Underlying Action that despite its representations, warranties and the terms of the Contract, Ducon failed to properly design, install and construct the components of their Project or otherwise did not complete the Project in a sound and workmanlike manner.

17.     It is alleged in the Underlying Suit that components including the scrubber stack began to fail by October 10, 2007.

18.     It is further alleged in the Underlying Suit that as the proximate result of Ducon's conduct, chemical lime has incurred and continues to incur, among other things, expenses of diagnosing and repairing the faulty work done by Ducon.

19.     As a result of Ducon's conduct, Chemical Lime has allegedly incurred and continues to incur damages.

20.     Damages related to repair/replacement of the exhaust stack and/or any component thereto are, upon information and belief: $1,660,167.00.

21.     Count I of the Complaint in the Underlying Action is for "Breach of Express Warranties" under Alabama Code § 7-2-313 (1975) and asserts that Ducon breached said warranties by using unsuitable materials and through workmanship which was wrought with defects.

22.     Count II of the Complaint in the Underlying Action is for "Breach of Implied Warranties" under Alabama Code 7-2-314 (1975) and asserts that Ducon knowingly offered and furnished goods for use in the Project which were not fit for their intended purpose or otherwise breached implied warranties.

23.     Count III of the Complaint in the Underlying Action is for "Breach of Contract".

24.     Count IV in the Complaint of the Underlying Action is for "Breach of Fiduciary Duty" and asserts that Ducon had a duty to act in the best interests of Chemical Lime by utilizing adequate materials and processes in its construction of the Project and failed to do so.

25.     Count V in the Complaint of the Underlying Action is for "Negligence and Wantonness" and asserts that Ducon owed a duty of care to Chemical Lime to properly perform its duties under the Project and acted recklessly and with conscious disregard for the safety of Chemical Lime's Lime's employees and the public at large, in addition to the fiscal well-being of Chemical Lime.

## THE INSURANCE POLICIES

26.     American Safety Casualty Insurance Company issued two insurance policies to Ducon.

27.     Policy No. ENV011257-06-02 was in effect for the period November 4, 2006 to November 4, 2007. A copy of Policy No. ENV011257-06-02 is annexed hereto as Exhibit "B".

28.     Policy No. ENVOI 1257-07-03 was in effect for the period November 4, 2007 to November 4, 2008. A copy of policy No. Policy No. ENV011257-07-03 is annexed hereto as Exhibit "C".

29.     American Safety has agreed to defend Ducon and is presently defending Ducon in the Underlying Action subject to a reservation of rights.

## **NATURE OF CONTROVERSY**

30.    American Safety seeks a declaration that it is not obligated to indemnify Ducon for certain items of damage which are alleged in the Underlying Action related to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto, which are, upon information and belief, amount to an alleged $1,660,167.00.

31.    The American Safety policies each afford Commercial General Liability coverage on an occurrence basis and Environmental Consultants Liability coverage on a claims-made basis.

32.    The General Liability Coverage part of the American Safety policies contains the following insuring agreement:

> a.We will pay those sums that the insured becomes legally
>
> obligated to pay as damages because of "bodily injury" or
>
> "property damage" to which this insurance applies. We will
>
> have the right and duty to defend the insured against any
>
> "suit" alleging those damages. However, we will have no duty
>
> to defend the insured against any "suit" seeking damages for
>
> "bodily injury or "property damage" to which this insurance
>
> does not apply. . . .

b.   This   insurance   applies   to   "bodily   injury"   and "propertydamage" only if:

i. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

(2) The "bodily injury" or "property damage" takes place during the policy period.

34.  The American Safety policies define "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions." See Exhibits B and C.

35.   The American Safety policies contains the following definition of "property damage":

"Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

36.    The allegations against Ducon in the Underlying Action related to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto do not allege "property damage" as defined in the American Safety policies.

37.    The Commercial General Liability parts of the policies issued by American Safety contain the following exclusions:

This insurance does not apply to:

Contractual Liability.

"Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a written contract or agreement...

Damage to your product.

"Property damage" to "your product" arising from it or any part of it.

Damage to Your Work

"property damage" to "your work" or any part of it as included in the "products-completed operations hazard" or the installation of a defective product.

Damage To Impaired Property Or Property Not Physically Injured.

"Property damage" to "impaired property or property that has not been physically injured, "arising from":

(1) A defect, defiecncy, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to it's intended use.

Recall O f Products, Work Or Impaired Property.

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or "disposal" of:

(1) "Your product";

(2) "Your work";

(3) "Impaired property";

if such product, work or property is withdrawn or recalled form the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

38.    The foregoing exclusions apply to bar coverage for any damages awarded in the Underlying Action related to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto.

39.    The Commercial General Liability Coverage part of policy no. ENV011257-05-01 contains a professional services which applies to bar coverage for "Bodily injury' or 'property damage" arising from' the rendering of or failure to render any 'professional services' by or for any insured.

40.     Coverage D - Environmental Consultant's Professional Liability of both policies issued by   issued by American Safety contain the following exclusions:

This insurance does not apply to any "claim" or "suit" "arising from":

Contractual Liability

Breach of contract or failure to perform any contract or agreement or the assumption of liability by any insured in a written or oral contract or agreement. This exclusion does not apply to liability for "covered damages" that you would have in the absence of the contract or agreement.

10

Property Damage

"property damage" to:

***

(2) "your product";

***

Guarantees and Warranties

Any implied, express, oral or written guarantee or warranty.

***

Faulty Workmanship

Any cost to repair or replace faulty workmanship in any construction, erection, fabrication,

installation, assembly or manufacturing process performed or provided by any insured,

including materials, parts or equipment furnished in connection therewith.

41.     Coverage D. - Environmental Consultant's Professional Liability of Policy No.

ENV011258-07-02 contains the following exclusion:

This insurance does not apply to:

Goods and Products.

Any goods, products or equipment manufactured, sold, solid, handled, installed, distributed or disposed of by you, your subsidiaries, any entity which wholly or partly owns, operates or manages you or any subsidiary of any such entity, others under license by you, your vendors or subcontractors of any other person or entity working directly or indirectly on your behalf.

42.   Coverage D. - Environmental Consultant's Professional Liability of Policy No. ENV011258-07-03 contains the following exclusion:

This insurance does not apply to:

Goods and Products.

Any goods, products or equipment manufactured, sold, solid, handled, installed, distributed or disposed of by you, your subsidiaries, any entity which wholly or partly owns, operates or manages you or any subsidiary of any such entity, others under license by you, your vendors or subcontractors of any other person or entity working directly or indirectly on your behalf.

43.   The foregoing exclusions apply to bar coverage any damages awarded in the underlying Action related to the  diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto as a product of the insured.

## COUNT I

## DECLARATORY JUDGMENT - NO PROPERTY DAMAGE

44.   Plaintiff adopts and reaffirms each and every allegation in the foregoing paragraphs 1 through 43 as if fully set out herein, and adds the following:

45.   The allegations in the Underlying Action against Ducon do not allege "property damage" as defined in the American Safety Policies with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto. Therefore, American Safety has no obligation to indemnify Ducon in the Underlying Action with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto and American Safety is entitled to a judicial declaration to this effect.

## COUNT II

## DECLARATORY JUDGMENT - APPLICABILITY OF GENERAL LIABILITY POLICY EXCLUSIONS

46.   Plaintiff adopts and reaffirms each and every allegation in the foregoing paragraphs 1 through 44 as if fully set out herein, and adds the following:

47.   The exhaust stack and/or any component thereto at issue in the Underlying Action is Ducon's work and/or property.

13

48.   Even if the claims asserted against Ducon with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto in the Underlying Action alleged "property damage" caused by an "occurrence," which American Safety expressly denies, coverage would be unavailable to Ducon with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto .

49.   The allegations in the Underlying Action against Ducon with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto are excluded from coverage under the General Liability Coverage part of the American Safety policies by virtue of one or more of the exclusions set forth herein. Therefore, American Safety has no obligation to indemnify Ducon in the Underlying Action with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto and American Safety is entitled to a judicial declaration to this effect.

## COUNT III

## DECLARATORY JUDGMENT - APPLICABILITY OF EXCLUSIONS IN COVERAGE D - ENVIRONMENTAL CONSULTANT'S PROFESSIONAL LIABILITY

50.   Plaintiff adopts and reaffirms each and every allegation in the foregoing paragraphs 1 through 49 as if fully set out herein, and adds the following:

14

51.   The allegations in the Underlying Action against Ducon with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto are excluded from coverage by virtue of one or more of the exclusions set forth in Coverage D - Environmental Consultant's Professional Liability. Therefore, American Safety has no obligation to indemnify Ducon under  Coverage D - Environmental Consultant's Professional Liability of the American Safety policies with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto and American Safety is entitled to a judicial declaration to this effect.

**WHEREFORE, Plaintiff American Safety demands judgment as follows:**

**DECLARATION**

a. American Safety has no obligation to indemnify Ducon in the Underlying Action under the General Liability Coverage part of the American Safety policies with respect to the diagnosing, repair, replacement and/or other damage to the exhaust because the allegations in the Underlying Action against Ducon do not allege "property damage" as defined in the American Safety Policies with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto;

B. American Safety has no obligation to indemnify Ducon in the Underlying Action  under the General Liability Coverage part of the American Safety policies with respect to the diagnosing, repair, replacement and/or other damage to the exhaust because the allegations in the Underlying Action against Ducon with respect to the diagnosing, repair, replacement and/or

15

other damage to the exhaust stack and/or any component thereto are excluded from coverage under the General Liability Coverage part of the American Safety policies by virtue of one or more of the exclusions set forth herein;

c. American Safety has no obligation to indemnify Ducon in the Underlying Action under Coverage D. - Environmental Consultant's Professional Liability coverage part of the American Safety policies with respect to the diagnosing, repair, replacement and/or other damage to the exhaust because the allegations in the Underlying Action against Ducon with respect to the diagnosing, repair, replacement and/or other damage to the exhaust stack and/or any component thereto are excluded from coverage under Coverage D. - Environmental Consultant's Professional Liability coverage part of the American Safety policies by virtue of one or more of the exclusions set forth herein;

d. Such other, further and different relief as the Court deems just and proper, together with costs of court.

/S/ Michael L. McKerley

Michael McKerley (MCK027)

Attorney for American Safety Casualty Insurance Company

Of Counsel:

The McKerley Law Firm

201 Beacon Parkway West

Suite 306

Birmingham, Alabama 35209

16

Telephone: 205/223-5250

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the _____ day of _____, 2009 served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic transmission or placing a copy of same in the United States mail, postage prepaid to:

Allen M. Estes, Esq.

Tyrus B. Sturgis, Esq.

BALCH & BINGHAM LLP

Post Office Box 306

Birmingham, AL 35201

Attorneys for Ducon Technologies, Inc.


R. AUSTIN HUFFAKER, JR.

RICHARD B. GARRETT

RUSHTON, STAKLEY, JOHNSTON &

GARRETT, P. A.

Post Office Box 270

Montgomery, AL 36101

Attorneys for Chemical Lime Co.

of Alabama, Inc.


/S/ Michael L. McKerley

Of Counsel

17

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Chemical Lime Co.

of Alabama, Inc.

Prentice hall Corporation Company

150 S. Perry St.

Montgomery, Al 36104


Ducon Technologies, Inc.

19 Engineers Lane

Farmingdale, NY 11735